**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **UNITED STATES,** | |
| **Plaintiff,** | Crim. No. 2:13-235 |
| **v.** | **ORDER** |
| **MARK MENDEZ,** | |
| **Defendant.** | |

**THIS MATTER** comes before the Court on Defendant's letter requesting the Court to either: (1) amend the federal Judgment of Conviction (ECF No. 20) to reflect federal custody credit towards time spent in State custody on a subsequent escape charge conviction; or (2) recommend to the Federal Bureau of Prisons ("BOP") a *nunc pro tunc* (retroactive) designation that would aid in accomplishing the same result. ECF No. 23.

While serving a State sentence for possession of cocaine and a firearm (the "first State sentence"), Defendant appeared in this Court and was sentenced to 60 months' imprisonment which was to run consecutive to the first State sentence Defendant was presently serving. After the Count pronounced sentence, Defendant returned to State custody. At the same time of sentencing, Defendant had a pending State charge for leaving a halfway house (the "escape charge").

Although the Court ordered the federal sentence to run consecutively with the first State sentence, it could not order the federal sentence to run concurrently with the yet-to-be imposed sentence on the escape charge because that State case remained pending. But

the Court noted that should Defendant be adjudged guilty on the escape charge, the State court judge could order the sentence to run concurrent with the federal sentence.

Defendant now finds fault with the BOP's refusal to award him federal credit for time spent in State custody on the escape charge. Because after Defendant completed the first State sentence, he remained in State custody to serve out the imposed prison time on the escape charge.

A federal "court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007) (per curiam) (citation omitted); *see also Dillion v. United States*, 560 U.S. 817, 819 (2010). Such authorizations include correcting an illegal sentence, clerical mistake, or error in the record. *See United States v. DeLeo*, 644 F.2d 300, 301 (3d Cir. 1981).

Defendant presumes this Court has the inherent authority to modify a sentence so that his federal sentence can now run concurrently with the subsequently-imposed State sentence on the escape charge. That is not the case.

As the State was the first sovereign to take physical custody of Defendant upon his arrests on the first State sentence and the escape charge, the State retained primary jurisdiction. It was only after Defendant completed the States sentences did the State relinquish jurisdiction to the BOP. *See Davis v. Sniezek*, 403 F. App'x 738, 740 (3d Cir. 2010) (citations omitted). Thus, the BOP correctly determined Defendant's federal sentence commenced on the date he entered federal custody. *See* 18 U.S.C. § 3585(a).

A federal district court has discretion to run a defendant's federal sentence concurrently with or consecutively to an anticipated state sentence, but such action must

occur at the time of sentencing, not at any time thereafter. *Setser v. United States*, 566

U.S. 231, 235–36 (2012); *see also United States v. Sharpe*, 554 F. App'x 123, 124 (3d

Cir. 2014) (per curiam). Thus, this Court lacks specific authorization to modify

Defendant's sentence. And although the State court judge determined the escape charge

sentence and federal sentence should run concurrently, "neither the federal courts nor the

[BOP] are bound in any way by the state court's direction that the state and federal

sentences run concurrently." *Barden v. Keohane*, 921 F.2d 476, 748 n.4 (3d Cir. 1990).

Next, the Court notes Defendant must first exhaust his administrative remedies before

seeking judicial relief. *United States v. Wilson*, 503 U.S. 329, 334–35 (1992); *Moscato v.

Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). A federal prisoner challenging a

federal sentence computation must first seek relief through the BOP's administrative

process, codified at 28 C.F.R. §§ 542.10–19. The BOP's administrative remedy

procedure sets forth how to resolve a complaint: "An inmate must submit an

administrative remedy form to the prison Warden. If the inmate is not satisfied with the

Warden's response, he may appeal to the Regional Director. The inmate may then appeal

to the Central Office of the Bureau of Prisons. Each step must be completed within a

prescribed time." *Tiffin v. Lewisburg*, 589 F. App'x 609, 611 (3d Cir. 2014).

Beyond mentioning the availability of using BOP channels to request a *nunc pro tunc*

designation here, Defendant has not shown any attempt to avail himself of the BOP's

administrative remedy procedures to seek credit towards his federal sentence for time

spent in State custody. Further, it is unclear from the record whether Defendant has raised

this issue with the BOP at all. For these reasons;

**IT IS** on this 23rd day of April 2018, hereby,

**ORDERED** that Defendant's letter request (ECF No. 23) is **DENIED**.


$\qquad\qquad\qquad\qquad$ */s/ William J. Martini*
$\qquad\qquad\qquad\qquad$ **WILLIAM J. MARTINI, U.S.D.J.**