UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES,<br><br>v.<br><br>MARK MENDEZ. | No. 2:13-cr-235 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on a motion by Defendant Mark Mendez ("Defendant") for compassionate release and a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the Covid-19 pandemic. ECF No. 33. Defendant initially filed his motion *pro se*. ECF No. 27. Appointed counsel then filed a more formal motion on his behalf. ECF No. 33. The Government to responded. ECF No. 31. For the reasons stated below, Defendant's motion is **DENIED**.

**I.    BACKGROUND**

Mr. Mendez was arrested locally for possession of a gun and possession of drugs with intent to distribute them on December 11, 2012. After federal authorities assumed the prosecution of this matter, Mr. Mendez had his initial appearance on May 6, 2013. On July 10, 2013, Mr. Mendez pled guilty to the sole charge of possession of a firearm in furtherance of a drug trafficking crime. He was sentenced on October 23, 2013 to a prison term of 60 months with three years of supervised release to follow. Mr. Mendez was ordered to serve his federal sentence consecutive to the state sentence he was already serving. Thus, Mr. Mendez didn't begin to serve his federal sentence until approximately three years later in 2016. According to the BOP, Mr. Mendez is scheduled for release on January 20, 2021.

**II.    DISCUSSION**

Though Mr. Mendez has been recently diagnosed with an inflamed prostate, he does not have any medical conditions that are noted by the CDC to make him vulnerable to Covid-19. Defendant argues that he has participated in several rehabilitative programs and work opportunities and that the nature of the prison environment enhances the likelihood that prisoners will transmit Covid-19.

Under 18 U.S.C. § 3582(c)(1)(A), a court may exercise its discretion and grant a defendant's motion to reduce his term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." In light of the Covid-

1

19 pandemic, "[t]he 'extraordinary and compelling reasons' inquiry logically has two components: (a) identification of a medical condition that renders the defendant particularly vulnerable to serious consequences if infected with COVID-19; and (b) the likelihood of COVID-19 infection, with particular reference to conditions in the institution in which the defendant is incarcerated." *United States v. Moore*, No. 19-101 (KM), 2020 WL 4282747, at *3 (D.N.J. July 27, 2020); *United States v. Henderson*, No. CR 15-0329 (ES), 2020 WL 5055081, at *3 (D.N.J. Aug. 26, 2020) (quoting *Moore*).

As a threshold matter, the Court may hear Defendant's request for compassionate release because he has exhausted the administrative remedies available within the BOP. 18 U.S.C. § 3582(c); *see* Def. Br. at 2, ECF No. 33. As to the merits of the motion, the Court is sympathetic to Defendant's health concerns, but finds he has failed to demonstrate "extraordinary and compelling reasons" justifying his release. Mendez concedes that his current medical condition is not an extraordinary and compelling reason to grant a sentence reduction as he does not claim it is recognized by the CDC.

### III.   CONCLUSION

Defendant's motion for compassionate release and a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is **DENIED**.

An appropriate order follows.

WILLIAM J. MARTINI, U.S.D.J.

Date: **December 15, 2020**